IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
)
v. ) Civil Action No. 3:10CR110-HEH
)
)
JOSEPH HOLMES, )
)
*Defendant.* )

## MEMORANDUM OPINION

On June 15, 2010, Joseph Holmes ("Defendant") pleaded guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 846, for conduct which occurred from on or about December 2009 through on or about February 25, 2010. At the time of Defendant's offense, the Controlled Substances Act ("CSA") required a mandatory minimum sentence of ten years imprisonment for offenses involving fifty grams or more of crack cocaine. 21 U.S.C. § 841(b)(1)(A)(iii) (2008). On August 3, 2010, the President signed into law the Fair Sentencing Act of 2010, which amended the CSA by increasing from five grams to twenty-eight grams the amount of crack cocaine required to trigger the mandatory minimum. Pub. L. No. 111-220, 124 Stat. 2372 [hereinafter FSA]. The issue is whether the FSA's reduced penalty provisions apply to Defendant, who committed his offense

prior to enactment of the FSA, but has not yet been sentenced. For the reasons stated below,[1] this Court holds that the FSA does not apply retroactively to Defendant.

The federal general Savings Statute ("the Statute" or "Section 109") provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty ... *unless the repealing Act shall so expressly provide*, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty[.]

1 U.S.C. § 109 (emphasis added). The Statute "has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense." *Warden v. Marrero*, 417 U.S. 653, 661, 94 S. Ct. 2532, 2537 (1974).

Although Section 109 speaks only in terms of "repeal," it applies with equal force to statutory amendment. *United States v. Mechem*, 509 F.2d 1193, 1194 n.3 (10th Cir. 1975) (per curiam); *Margiotta v. United States*, 788 F. Supp. 145, 148 (E.D.N.Y. 1992). Accordingly, a defendant is not entitled to the benefit of statutory criminal penalty amendments enacted between his date of offense and the time of sentencing absent explicit congressional language to the contrary. *Margiotta*, 788 F. Supp. at 148 (citing *Marrero*, 417 U.S. at 661, 94 S. Ct. at 2537).

Defendant concedes that "the FSA does not explicitly state that the amendments to § 841 apply to pending cases" (Def.'s Position 7), but nevertheless argues that the FSA "expressly provide[s]" for retroactive application by necessary implication. In

---

[1] Defendant was also afforded an opportunity to argue this issue at sentencing on November 30, 2010, but declined to elaborate on his sentencing position paper.

2

Defendant's view, because the stated purpose of the FSA is "to restore fairness to federal cocaine sentencing," any sentences imposed in accordance with the CSA's former penalty provisions are not "fair," and Congress could not have intended for judges to continue to impose unfair sentences. (*Id.* at 7, 12 (quoting FSA, at Preamble).)

Essentially, Defendant asks this Court to follow the reasoning of *United States v. Douglas*, No. 09-202-P-H, 2010 U.S. Dist. LEXIS 114464 (D. Me. Oct. 27, 2010). In *Douglas*, the court reasoned that Congress's emergency grant of authority to the Sentencing Commission to amend the Sentencing Guidelines,[2] coupled with 18 U.S.C. § 3553(a)(4)'s directive that district courts employ the guidelines "in effect on the date the defendant is sentenced," evinced the clear congressional intent that the FSA's reduced statutory penalty provisions take effect immediately. *See id.* at *26, *29–30, *32. Based on this finding of congressional intent, the court concluded that "provisions of the Fair Sentencing Act, either by express declaration or necessary implication, prevent applying the 1871 Saving Clause to preserve the harsher statutory minimums for sentences imposed in the future." *Id.* at *23.

Virtually every other court—including the Fourth Circuit—has held to the contrary, finding that the mandatory minimum in effect at the time of offense controls. *See, e.g., United States v. Evans*, No. 09-5086, 2010 WL 4746424, at *1 n.* (4th Cir. Nov. 23, 2010) (per curiam); *United States v. Nelson*, No. 09-4297, 2010 WL 4676614, at *1 (4th Cir. Nov. 18, 2010) (per curiam); *United States v. McAllister*, No. 10-4387, 2010

---

[2] Congress granted the U.S. Sentencing Commission emergency authority to amend the U.S. Sentencing Guidelines ("the Guidelines") and instructed it to promulgate amendments in accordance with the FSA within 90 days of the FSA's enactment. FSA § 8(1).

3

WL 4561395, at *1 n.* (4th Cir. Nov. 12, 2010) (per curiam) (finding district court did not abuse its discretion in denying defendant's motion for continuance to await enactment of FSA, because FSA does not apply retroactively and district courts must apply statutory penalties in effect at time of offense); *United States v. Lewis*, No. 09-3329, 2010 WL 4262020, at *3 (10th Cir. Oct. 29, 2010); *United States v. Glover*, No. 09-1725, 2010 WL 4250060, at *2 (2d Cir. Oct. 27, 2010); *United States v. Bell*, Nos. 09-3908, 09-3914, 2010 WL 4103700, at *10 (7th Cir. Oct. 20, 2010); *United States v. Brown*, No. 10-1791, 2010 WL 3958760, at *1 (8th Cir. Oct. 12, 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *United States v. Wall*, No. 5:08CR17, 2010 U.S. Dist. LEXIS 123038, at *2 (W.D. Va. Nov. 19, 2010); *United States v. Millhouse*, No. 7:04-CR-85-F3, 2010 U.S. Dist. LEXIS 112988, at *6 (E.D.N.C. Oct. 22, 2010); *United States v. Jones*, No. 08-40, 2010 U.S. Dist. LEXIS 110423, at *3 (W.D. Pa. Oct. 18, 2010); *United States v. Hughes*, No. 07-33, 2010 WL 3982138, at *3 (W.D. Wis. Oct. 8, 2010); *Deleston v. Warden*, No. 6:10-2036, 2010 U.S. Dist. LEXIS 101786, at *7 (D.S.C. Sept. 8, 2010); *United States v. Ohaegbu*, No. 6:92-cr-35-Orl-19 PAUL, 2010 WL 3490261, at *1–2 (M.D. Fla. Aug. 31, 2010); *United States v. Miller*, No. 4:89-CR-120, 2010 U.S. Dist. LEXIS 79763, at *5 n.2 (D. Minn. Aug. 5, 2010).

The reasoning in each of these cases is the same—namely, that "the savings statute operates to bar the retroactive application of the FSA," *Bell*, 2010 WL 4103700, at *10, because the FSA "contains no express statement that it is retroactive" and no such express intent can be inferred from its plain language, *Carradine*, 621 F.3d at 580.

4

The court in *Douglas* purported to distinguish this body of authority on the ground that, whereas the defendants in those cases were sentenced prior to enactment of the FSA and seeking post-sentencing remedies, the defendant in *Douglas* had not yet been sentenced for his pre-FSA conduct. 2010 U.S. Dist. LEXIS 114464, at *14.

Under the circumstances, this is a distinction without a difference. First, none of the cases refusing to retroactively apply the FSA hinged upon the fact that the defendants were seeking post-sentencing relief. Rather, the courts correctly based their decisions on the fact that the FSA contains no intimation that its ameliorative penalty provisions override the penalty provisions in place at the time of offense.[3]

Second, *Douglas*'s reliance on 18 U.S.C. § 3553(a)(4)'s directive that district courts apply the guidelines in force at the time of sentencing is misguided. The FSA amended *statutory* penalty provisions, not guidelines, and it is well settled that § 3553(a)(4) "does not . . . compel the application of *statutory* penalty provisions in effect as of sentencing." *Margiotta*, 788 F. Supp. at 148 (citing *United States v. Cook*, 890 F.2d 672, 675–76 (4th Cir. 1989)). As the Fourth Circuit has noted, "on its face it is clear that Congress [in § 3553(a)(4)] was addressing guidelines sentences as promulgated by the Sentencing Commission. In addition, the legislative history confirms that Congress was addressing only changes in the guidelines through the amendment process and not statutory changes produced by enactments of Congress." *Cook*, 890 F.2d at 675–76 (citations omitted); *see also United States v. Stewart*, 865 F.2d 115, 118 (7th Cir. 1988)

---

[3] Notably, not even the November 1, 2010 Guideline amendments promulgated by the U.S. Sentencing Commission were made retroactive. *United States v. Wall*, No. 5:08CR17, 2010 U.S. Dist. LEXIS 123038, at *3 n.1 (W.D. Va. Nov. 19, 2010).

5

(analyzing § 3553(a)(4) and § 109 in the context of the Sentencing Reform Act, and concluding that § 3553(a)(4) "does not purport to require that once the guidelines are in effect they apply to all defendants not yet sentenced").

Third, *Douglas*'s reliance on the fact that the FSA does not contain its own saving clause, 2010 U.S. Dist. LEXIS 114464, at *23–24, directly contradicts Section 109's mandate that the penalty provisions in place at the time of the offense govern absent express contrary language in the repealing statute.

Finally, this Court declines to adopt Defendant's view that the FSA's amended penalty provisions must apply retroactively simply because they are inconsistent with the CSA's former provisions. (*See* Def.'s Position 9.) By that logic, *every* repeal would be retroactive by implication—a result clearly at odds with the Savings Statute. Moreover, the Supreme Court in *Marrero* explicitly rejected this line of reasoning. In *Marrero*, Congress repealed a statute prohibiting eligibility for parole. *Marrero*, 417 U.S. at 654, 94 S. Ct. at 2534. Defendant Marrero, who had already served one third of his sentence, sought the benefit of the statutory repeal. *Id.* at 655, 94 S. Ct. at 2534. Specifically, Marrero argued that Congress had completely changed its approach to regulation of narcotics offenses, jettisoning the focus on retribution in favor of an emphasis on rehabilitation. *Id.* at 664, 94 S. Ct. at 2538. In light of that basic change, Marrero asserted that little purpose would be served by enforcing the repealed parole provisions, and such application would in fact frustrate the congressional goal of rehabilitating narcotics offenders. *Id.* The Supreme Court rejected Marrero's claim, noting that his argument had force from a policy perspective, but was "addressed to the wrong

governmental branch." *Id.* Instead, the Court applied the plain language of the Savings Statute and held that the penalty provisions in force at the time of the defendant's offense controlled. *Id.*

For the reasons stated above, the Court agrees with the overwhelming weight of authority and holds that the FSA's reduced penalty provisions do not retroactively apply to offenses committed prior to enactment of the FSA, and thus Defendant is subject to the ten-year mandatory minimum sentence.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 1, 2010
Richmond, VA